UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACKHAI NGUYEN                                    CIVIL ACTION

VERSUS                                            NO. 24-1117

UNITED STATES GOVERNMENT                          SECTION M (2)

### ORDER & REASONS

Before the Court is a motion to dismiss for lack of subject-matter jurisdiction filed by

defendant the United States Government (the "Government").[1]  The motion is set for submission

on July 25, 2024.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of

Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days

before the noticed submission date, making the deadline in this instance July 17, 2024.  Plaintiff

Jackhai Nguyen, who is represented by counsel, did not file an opposition to the motion.

Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 9.

[2] R. Doc. 9-1.

[3] Nguyen filed this tort action against the Government seeking damages for the loss of a diamond tennis bracelet that he sent through registered mail. R. Doc. 1 at 1-4.  The Government moves to dismiss for lack of subject-matter jurisdiction because (1) Nguyen failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"); and (2) the United States has not waived sovereign immunity for claims involving property lost in the mail.  R. Doc. 9-2 at 1-8.  The Government is correct in both respects.  The FTCA is a limited waiver of the United States government's sovereign immunity.  *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019) (citing 28 U.S.C. § 1346(b)(1)).  Specifically, the FTCA provides a waiver of sovereign immunity for "civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  However, the FTCA's waiver of sovereign immunity "shall not apply to any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States for money damages … unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  Failure to pursue administrative remedies is a jurisdictional bar to filing suit under the FTCA.  *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981).  As stated by the Government, Nguyen failed to exhaust administrative remedies because he filed an insurance claim under the United States Postal Service's Domestic Mail Manuel, not an administrative tort claim pursuant to the FTCA.  R. Doc. 9-2 a 4-5.  Further,

IT IS ORDERED that the Government's motion to dismiss is GRANTED, and Nguyen's claims are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

New Orleans, Louisiana, this 18th day of July, 2024.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

Nguyen brings a claim for lost mail, which is not covered by the FTCA.  Accordingly, the Government's motion to dismiss must be granted.